In The
United States District Court
For The Southern District of Illinois

SCANNED AT MENARD and E-mailed
5-22-13 by TL 7 pages
date   initials   No.

ONAFFIA McFADDEN, #S-03239,
   Plaintiff,

vs.

OFFICER RICKEY PEARL,
LIEUTENANT, JOHN DOE #1,
OFFICER, JOHN DOE #2,
   Defendants.

Case No. 13-401-GPM

**FILED**

MAY 2 2 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## CIVIL RIGHTS ACT COMPLAINT
### Title 42, Section 1983 U.S. Code

**I. JURISDICTION & PLAINTIFF:**

This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331. Venue is founded in the Judicial Court upon 28 U.S.C. Section 1391, as the violation(s) complained of arose in this district.

PLAINTIFF: Onaffia McFadden, Reg. No. S-03239, Menard Correctional Center, P.O. Box 1000, Menard, IL 62259

( Continued )

## II. DEFENDANTS:

NOTE: All named Defendants are Illinois Department of Corrections employees assigned to Shawnee Correctional Center.

1. RICKEY PEARL, Officer.
2. JOHN DOE, #1, Lieutenant - Adjustment Committee Chairman
3. JOHN DOE, #2, Officer - Adjustment Committee

(Note: "John Doe's" cannot be named until Discovery is conducted.).
All defendants are sued in their INDIVIDUAL and OFFICIAL Capacities.

## III. LITIGATION HISTORY:

McFADDEN v. TANGMAN, (NEWLY FILED - No. CASE No. YET - CENTRAL DIST.).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

A. Yes, there is a grievance process.
B. Yes, Mr. McFadden filed a grievance.
C. Yes, Mr. McFadden fully exhausted his administrative remedies in as much as they were made available to him.

(Continued)

## V. STATEMENT OF CLAIMS:

This is a Civil Rights Complaint brought under 42 U.S.C. §1983, filed by Onaffia McFadden, pro se, a State of Illinois prisoner, alleging United States Constitutional right violation under the Fourteenth Amendment.

### — COUNT I —
### DUE PROCESS VIOLATION

1) On October 15, 2011, in an act of self-defense, this Plaintiff was involved in a "fist-fight" with an inmate he was assigned to share a prison cell with at the Shawnee Correctional Center.

2) Plaintiff's cellie — Inmate Carl Jackson — was a known troubled prisoner who "bullied" or "beat-up" his former cellmates, which Investigation Reports and his Disciplinary Record will show; and in fact, Inmate Carl Jackson provoked a fight with this Plaintiff on October 15, 2011.

(Continued)

3) Shawnee Corr. Center Internal Affair Officer, Defendant Pearl, upon interviewing this Plaintiff after the "fist-fight," was fully aware that Inmate Jackson was a "bully" and "fighter," and had problems with nearly every prisoner that was assigned to live in a cell with him. This Plaintiff advised Def. Pearl during this interview that he had been attacked by Jackson, and that he (McFadden) had only defended himself.

4.) Subsequently, on October 15, 2011, after being interviewed by Def. Pearl about the fight, this Plaintiff was written an Inmate Disciplinary Report (IDR) for assault (Violent Assault), and was thereafter placed under investigation status.

5) A month later, on or about November 15, 2011, this Plaintiff, as a result of said "investigation," was taken before the Shawnee Corr. Center Adjustment Committee, LT. John Doe #1, and Officer John Doe #2, for a disciplinary hearing on the October 15, 2011, IDR he was issued by Def. Pearl.

6) The Adjustment Committee — John Doe(s) #1 & #2 — read the IDR to this Plaintiff, and then asked him how did he wish to plead — GUILTY or NOT GUILTY? — at which point the Plaintiff explained that he had only defended himself, and thereafter plead NOT GUILTY.

(CONTINUED)

7) At this point, LT. John Doe #1 and Officer John Doe #2 (the Adjustment Committee) "threatened" and "coerced" this Plaintiff into pleading "GUILTY," by telling him that if he did not plead guilty that he would be transferred to the Super Max prison at TAMMS, Illinois, and he would be held there under an indefinite segregation sentence; AND that he would have a year of good time revoked. In the alternative, the Plaintiff was advised that if he plead "GUILTY," that he would receive a nine (9) month term in segregation, and no loss of good time.

8) Clearly, this Plaintiff, when presented with a "plea" deal that left him no other alternative — other than to end up in TAMMS Super Max prison for who knew how long (an <u>indefinite</u> period of time) and the loss of a full year of good time — plead "GUILTY" as he was coerced in to doing.

9) Then, after this Plaintiff, after being "COERCED" into pleading "guilty" to the assault charge by the Adjustment Committee Defendants, was shortly thereafter CRIMINALLY CHARGED with Assault and Battery by the Johnson County, Illinois prosecutor.

(Continued)

10) Subsequently, on February 2, 2012, at a Preliminary Hearing on the State Criminal charges, the Circuit Court Judge DISMISSED the criminal charges after an I.D.O.C. Shawnee Corr. Center Internal Affair Lieutenant testified and provided outstanding EXCULPATORY evidence that supported Plaintiff's self-defense claim — which exonerated him from the alleged assault and battery criminal charges.

11) Shawnee Corr. Center Internal Affair Lieutenant Gressorm, testified under oath on 2/2/12, that STATEMENTS taken from prisoners who knew — and lived in cells around Inmate Jackson's — and who had "heard" the fight between Jackson and this Plaintiff on 10/15/11 (there were no eye witnesses) reflected in fact that "they" heard Plaintiff McFadden scream out "KEEP YOU HANDS OFF ME!!!" just prior to said fight — and then "they" heard the "rumbling" inside the cell of a fight. And in fact Inmate Jackson is a known rapist and bully.

12) Lt. Gressorm testified further that this Plaintiff was Inmate Jackson's third cellie in a month, and that statements taken from Housing Unit Officer's reflected that Jackson routinely "bullied" inmates and guards alike, as he used his size and weight in so doing. (Inmate Jackson is a very large & strong prisoner).          (CONTINUED)

13) This EXONERATING evidence and information (WRITTEN STATEMENTS from WITNESSES) that Internal Affair LT. Gressom read and testified about at the February 2, 2012, Preliminary Hearing, was NEVER provided to Plaintiff McFadden, prior to, or at his IDOC Disciplinary Hearing on November 15, 2011. (And said evidence was known and clearly available at that time by Def. Pearl and the Adjustment Committee).

14) The withholding of this EXONERATING/EXCULPATORY evidence by Def. Pearl and John Doe's #1 and #2, violated Plaintiff' due process and equal protection rights under the Fourteenth Amendment of the U.S. Constitution, as I.D.O.C. Department Rules, Section 504.80 (c) provides: (Adjustment Committee Hearing Procedures) (c) " The committed person SHALL be informed BEFORE or AT the Hearing, of information which would tend to show that the committed person WAS NOT GUILTY. If the information is provided to him at the hearing, the committed person shall, upon request, be given a continuance." Also see D.R. 504.80 (L)(2) "... If EXONERATING evidence is presented and disregarded, the Committee must state the basis for disregarding the evidence."

( Continued )

15) With such compelling investigative evidence — EXCULPATORY evidence — withheld from the Plaintiff by Defendants Pearl, and John Doe(s) #1 & #2 at his Adjustment Committee Hearing on 11/15/11 — this Plaintiff had his due process rights violated because said evidence supported his claim of self-defense. (See too MEEKS v. McBRIDE, 81 F.3d 717 (7th Cir. 1996) ("When prison inmate produces exculpatory evidence that directly undermines reliability of evidence in record pointing to his violation of prison regulations, he is entitled under due process to an explanation of why disciplinary officials disregarded exculpatory evidence.")). The Defendants also revoked NINE (9) months good time from this Plaintiff at said 11/15/11 disciplinary hearing. (Also see WILKINSON V. AUSTIN, 125 S.Ct. 2384 (2008) ("Notice of the factual basis for a decision and a fair opportunity for rebuttal are among the most important procedural mechanisms for purposes of avoiding erroneous deprivations." See too GREENHOLTZ v. INMATES OF NEB. PENAL and CORR. COMPLEX, 442 U.S. 1, 99 S.Ct. 2100)).

16) The Plaintiff also notes that after completing his nine month segregation term, the IDOC Administrative Review Board EXONERATED the Plaintiff of his 10/15/11 IDR Charges, and EXPUNGED said disciplinary report issued to him by Def. Pearl on 10/15/11.

(Continued)

## VI. REQUEST FOR RELIEF:

The Plaintiff, Omaffia McFadden, pro se, brings this suit against all named Defendants in their Individual and Official capacities, and PRAYS that this Honorable Court will:

A. Award NOMINAL damages to vindicate the Plaintiff's rights that the Defendants knowingly violated when they failed to provide him due process for a disciplinary hearing in that they knowingly withheld exculpatory/ exonerating evidence from him.

B. Award PUNITIVE damages in the following amount to deter intentional and wanton infliction of pain caused to the Plaintiff by Official and Individual acts that were without penological justification as cited within this action:

   I. $500,000 jointly and severally against ALL defendants named herein this action.

C. Award COMPENSATORY damages for the injuries sustained by the Plaintiff due to the Constitutional right violations that were intentionally inflicted upon him caused by the denial of due process:

(Continued)

I. $119 per day for punitive segregation placement that was held to be illegal based on due process violation. (9 MONTHS).

II. Reimbursement for confiscated state pay for 9 months.

D. Grant such other relief to stop constitutional right violations, and as it may appear that Plaintiff is entitled to.

VII. JURY DEMAND:

The Plaintiff does request a trial by jury.

Declaration Under Federal Rule of Civil Procedure Rule 11

I, the undersigned, certifies to the best of my knowledge, information and belief, that this complaint is in full compliance with Rule 11 (a) and (b) of Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with these rules may result in sanctions, pursuant to Rule 11 (c).

Signed this 15 day of MAY, 2013.

Onaffia McFadden
Reg. No. S-03239
Menard Corr. Center
P.O. Box 1000
Menard, IL 62259