IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ONAFFIA MCFADDEN, # S-03239, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-00481-GPM |
| | ) |
| RICKEY PEARL, | ) |
| JOHN DOE #1, and | ) |
| JOHN DOE #2, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Onaffia McFadden, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while he was housed at Shawnee Correctional Center. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A to identify Plaintiff's cognizable claims.

**The Complaint**

In his complaint (Doc. 1), Plaintiff McFadden alleges that on October 15, 2011, his cellmate, who was a known bully, provoked a fight with him. After conducting an investigation, Defendant Pearl, an Internal Affairs officer, issued Plaintiff a disciplinary ticket, charging Plaintiff with committing a violent assault. Plaintiff appeared for a disciplinary hearing before the Adjustment Committee, which included Defendants John Doe #1 and John Does #2. Plaintiff was offered a plea bargain of sorts: plead not guilty and, if convicted, lose one year of good time credit and be transferred to Tamms Correctional Center, the "super max" prison; or plead guilty and serve nine months in segregation, with no loss of good time credits. Feeling threatened and coerced, Plaintiff pleaded guilty. Nevertheless, Plaintiff ended up losing nine months of good time credit; additionally, Plaintiff was criminally charged in the Circuit Court of Johnson County, Illinois with assault and battery.

According to the complaint, the criminal charges against Plaintiff were dropped after Lieutenant Gressom, an Internal Affairs officer, testified and provided exculpatory evidence previously unknown to Plaintiff. Nearby inmates had overheard the incident between Plaintiff and his cellmate and corroborated Plaintiff's version of events. *After* Plaintiff had served nine months in segregation, the Administrative Review Board expunged his disciplinary conviction.

Plaintiff contends that Defendants Officer Rickey Pearl, John Doe #1 and John Doe #2 denied him due process when they withheld the exculpatory evidence at the disciplinary hearing. Plaintiff also asserts that he was denied his right to the equal protection of the laws. Plaintiff seeks compensatory, nominal and punitive damages from Defendants in their official and individual capacities.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* complaint into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

>  **Count 1:** Against Defendants Rickey Pearl, John Doe #1 and John Doe #2 for denying Plaintiff due process in connection with Plaintiff's November 15, 2011, disciplinary hearing, in violation of the Fourteenth Amendment; and

> **Count 2:** Against Defendants Rickey Pearl, John Doe #1 and John Doe #2 for denying Plaintiff the equal protection of the law in connection with Plaintiff's November 15, 2011, disciplinary hearing, in violation of the Fourteenth Amendment.

### DISCUSSION

**1. Count 1 - Due Process**

It has long been held that, before a disciplinary board revokes an inmate's good time credit, the inmate must receive due process, which includes advance written notice of the charge, an opportunity to present testimony and other evidence at a hearing before an impartial decision-maker, and a written explanation for the decision that is supported by "some evidence." *Wolff v. McDonnell,* 418 U.S. 539, 564–66 (1974). The provision of exculpatory evidence is an essential part of that due process. In *Jones v. Cross,* 637 F.3d 841, 847 (7th Cir.2011), the Court of Appeals for the Seventh Circuit explained that the rule of *Brady v. Maryland,* 373 U.S. 83 (1963), requiring that material exculpatory evidence be disclosed to a criminal defendant, applies in the context of prison disciplinary proceedings. *See also Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *Piggie v. Cotton,* 344 F.3d 674, 678 (7th Cir. 2003).

According to *Heck v. Humphrey,* 512 U.S. (1994), if a plaintiff's success in a civil rights suit for damages would invalidate a conviction or sentence, the plaintiff must first have the

conviction or sentence expunged. *Id.* at 486-87; *see also Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (holding that the *Heck* doctrine applies to civil rights suits challenging prison disciplinary proceedings). Plaintiff indicates that his criminal charges and disciplinary conviction have all been expunged; therefore, it appears that *Heck* does not stand as a bar to this action.

For these reasons, Count 1 shall proceed.

**2. Count 2 - Equal Protection**

Count 2 alleges that all three defendants violated Plaintiff's Fourteenth Amendment right to the equal protection of the laws. As a general matter, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir. 1987), cert. denied, 484 U.S. 935 (1987), *citing Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996), *quoting Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

There is also a second type of equal protection, a so-called "class-of-one" claim. The Supreme Court has made clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment. *Engquist v. Oregon*

*Dep't of Agriculture*, 553 U.S. 591, 601 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's equal protection claim is nothing more than a conclusory legal assertion. No intentional discrimination or animus has been alleged. Therefore, at this time, Count 2 shall be dismissed without prejudice. Plaintiff may submit an amended complaint to present those allegations, as outlined below. The amended complaint shall be subject to review pursuant to § 1915A. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the dismissal of Count 2 shall become a dismissal with prejudice.

### 3. Relief Sought by Plaintiff

Plaintiff prays for monetary damages from Defendants in their official and individual capacities. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits against states in federal court for money damages. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). Accordingly, Plaintiff's prayer for monetary damages against Defendants in their official capacities shall be dismissed from the action with prejudice. The prayer for damages against Defendants in their individual capacities shall stand.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2**, Plaintiff's equal protection claim, fails to state a claim upon which relief can be granted, and is thus **DISMISSED** without prejudice. Should Plaintiff wish to proceed on his equal protection claim in Count 2, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support this claim, within 35 days of the entry of this order (on or before July 29, 2013). An amended complaint supersedes

and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, and in addition to Count 2, must contain the allegations in Count 1. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of Count 2 becoming a dismissal with prejudice. In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

At this time, only Count 1, Plaintiff's due process claim, shall proceed. The Clerk of Court shall prepare for Defendant **RICKEY PEARL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant Pearl's place of employment as identified by Plaintiff. If Defendant Pearl fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the form was sent, the Clerk shall take appropriate steps to effect formal service upon Pearl, and the Court will require Pearl to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made upon Defendants **JOHN DOE #1** and **JOHN DOE #2** until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

If Defendant Pearl can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant(s) (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant(s) or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Pearl is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: June 24, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge