IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ONAFFIA MCFADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-481-GPM-DGW |
| | ) |
| OFFICER RICKEY PEARL, et al | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Appoint Counsel (Doc. 18) filed by Plaintiff, Onaffia McFadden, on October 23, 2013. For the reasons stated below, the motion is **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among

other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-56.

Plaintiff has met his initial burden of attempting to secure private counsel. Plaintiff has attached a letter he sent to attorneys to his Motion to Appoint Counsel. The letters garnered responses from four attorneys declining to represent him. Thus, Plaintiff has made reasonable, albeit unsuccessful, attempts to secure counsel.

The Court nonetheless finds that Plaintiff is competent to advance this uncomplicated matter. The Complaint in this matter appears to be written and attested to by the Plaintiff himself. He is capable of reading, writing, and understanding the English language. Plaintiff's complaint is clearly stated and contains only one legal issue—whether Defendants denied him due process when they withheld exculpatory evidence at a disciplinary hearing. While Plaintiff's claim is colorable, it is not complex and he will be capable of investigating crucial facts. Plaintiff appears to be competent to prosecute this matter.

**IT IS SO ORDERED.**

**DATED:** October 30, 2013

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**