IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
- EAST ST. LOUIS DIVISION -

Onaffia McFadden
    Plaintiff,

V.

Rickey Pearl et. al.,
    Defendants.

CASE No: 13-CV-481-NJR-DGW

SCANNED AT MENARD and E-mailed
9-22-15 by JC 81 pages
date   initials  No.

COMBINED MOTION FOR Summary Judgement
And Supporting BRIEF.

Now comes the Plaintiff, Onaffia McFadden, pro-se, and Pursuant to Rule 56. Fed.R.Civ.P, moves in this Honorable Court, and hereby file Combined Motion For Summary Judgement And Supporting Brief, states as Follows:

I. - Introduction - . I

Plaintiff, currently an inmate at Menard Correctional, filed his Complaint on May 22, 2013 (Document. 1) pursuant to 42 U.S.C § 1983, alleging various violations of his constitutional rights that occurred while he was incarcerated at Shawnee Correctional Center ("Shawnee"). Following an initial screening, Plaintiff was allowed to proceed on one (1) count against Defendant Pearl,

- 1 -

~~████~~ and two John Does for denying him due process in violation of the Fourteenth Amendment (Doc.8). Defendant Pearl filed a Motion to Dismiss on October 11, 2013 (Doc.16), which has been rendered moot, pursuant to the Court's Order granting Plaintiff leave to file his First Amended Complaint (Doc.30). Plaintiff's First Amended Complaint, filed on June 9, 2014, identifies the two John Does as Matthew and Marcus Marvin (Doc.31).

Subsequently, Defendants Pearl, Swalls, and Marvin filed a Motion to Dismiss on June 23, 2014 (Doc.34), generally restating the arguments made in Defendant Pearl's initial Motion To Dismiss. That Motion was "Denied" By this Court Order, entered on October 1, 2014. (Doc. 39)

The allegations contained in Plaintiff First Amended Complaint relate to an altercation that occurred between Plaintiff and his Cellmate, Carl Jackson, on October 15, 2011. According to Plaintiff, after the altercation, he informed Defendant Pearl during an interview that he was threatened by Mr. Jackson and was acting in self-defense. A Disciplinary Report was then created, and Plaintiff was put on in-

-2-

vestigation status. On or about October 28, 2011, Plaintiff was taken before the Shawnee Adjustment Committee comprised of Defendant Swalls and Marvin threatened and coerced him into pleading guilty, stating that if he pled "Not guilty", he would be transferred to Tamms, the "Supermax" facility, held indefinitely in Segregation, and have one (1) year of "good-time" revoked. Def. Swalls and Marvin indicated, however, that if Plaintiff pleaded "Guilty", he would receive only a "Nine" (9) month term in segregation with no loss of "goodtime" credit. Plaintiff pleaded "Guilty" and he was subsequently charged with assualt and battery in Johnson County, IL.

On Feburary 1, 2012, Plaintiff's criminal charges were dismissed at a preliminary hearing after an Internal Affairs Lieutenant, Terry Grissom, provided exculpatory evidence supporting Plaintiff's claim of self-defense. This exculpatory evidence was not provided to this Plaintiff prior to his hearing before Defendant Swalls and Marvin, although the evidence was known to Defendants prior to, and during, the adjustment committee hearing.

As a result of pleading guilty during the adjustment committee hearing, Plaintiff contends he loss nine months of good time credit, transferred to Pontiac Correctional Center and later Menard, (after he was Maliciously Assaulted battered, stripped of Clothing, Bedding and denied of Food, medical and water for several days, by certian Pontiac Correctional Officers for reasons un-known), both maximum security facilities, and placed in segregation for a total of nine (9) months. While in segregation, Plaintiff was housed behind a solid steel door with little visibility and poor ventilation. Plaintiff was only allowed five (5) hours of recreation time ~~~~~ one (1) day a week, and he was allowed fifteen (15) minutes for a shower once a week. AFTER serving Nine (9) months in segregation, the Administrative Review Board expunged Plaintiff's disciplinary conviction...

As more fully stated below, Following the close of Discovery, and the review of relevant evidence supporting and proving Plaintiff's claim, Plaintiff, Onaffia McFadden is entitled to Judgement as a matter of Law on Plaintiff's claims

-4-

stated above, and Plaintiff is also entitled to: A.) Nominal damages, to vindicate this Plaintiffs Rights that the named Defendants herein violated knowingly, when they withheld and denied Plaintiff access to an internal affairs reports that contained Exculpatory evidence at his disciplinary hearing.

B.) Award Punitive damages in the amount of $500,000, Jointly and severally, to deter intentional and wanton infliction of pain caused to the Plaintiff by Official and Individual acts that were without penological justification as cited within Plaintiff's Complaint and this Courts Court orders.

C.) Award Compensatory damages for the injuries sustained by the Plaintiff due to the Constitutional Right Violation that were intentionally inflicted upon him caused by the denial of Due Process: In the Amount of $250,000, ... I.) $119 per day, for Punitive Segration placement that was held to be illegal, based on Due Process violation. (9 months) ... II.) Reimburstment for Confiscated State Pay for (9) months, Personal Property that was destroyed by Pontiac and Menard Correctional Center, and Legal and Court Fee's...

D.) Grant such other relief to stop Constitutional

-5-

right violations, and as it may appears that Plaintiff is entitled to...

## II. Undisputed Material II Facts

1.) Plaintiff, Onaffia McFadden is an inmate currently housed at Menard Correctional Center... (SEE TO EX.(A) MCFADDENS AFF. PAR 1)

2.) During times relevant to Plaintiff's Complaint, Defendants: Ricky Pearl, Matthew Swalls, and Marcus Marvin, were all and still are employees of ILLINOIS DEPARTMENT OF Correction's, Shawnee Facility. (SEE EX(A) MCF. AFF. PAR 2)

3.) On October 15TH, 2011, in an act of "Self-defense" this Plaintiff was involved in a "fist-fight" with an inmate/cellmate, Carl Jackson. (SEE TO EX (A) MCF. AFF. PAR 3 / EX.B CONFIDENTIAL RPT. OF. INV / Also SEE TO EX. Trans. of proceedings. EX.C - pgs 17-23)

4.) Inmate Jackson was approximently 100 lbs heavier than plaintiff and a known "Bully" who FOR WEEKS tried running the cell, him and McFadden occupied, controlling this Plaintiff, telling Plaintiff what he can and can not do, where to place his things, tell Plaintiff how to use the bathroom, where to put his toothbrush and Jackson also used

-6-

his intimidating muscular build to place fear in other inmates on the tier, throwing his weight around to get his way. (see TO EX.(B) confidential RPT, witnesses statements, Also see TO EX.(C) TRAN. of: PRO. LT. GRISSOM TESTIMONY, pgs 10-11 and 17-23.)

5.) On October 15, 2011 at appox. 7:50 AM: AFTER THIS plaintiff ward of a "violent assualt" initiated by Plaintiff cellmate, Carl Jackson, using only Plaintiff's hands and feet, alerted officials (Officer Rye, Gentry and Causey) of the "Fight" between himself and Carl Jackson. (see TO EX.(B) "Confidential RPT of Inv. page 1 of 7, Case Summary & SEE TO TRANS OF PRO. LT. GRISSOM TESTIMONY page 5-6)

6.) This Plaintiff imediately cleared Officals of the altercation (Fight) and told Officals to "hurry" get Jackson medical help. (see TO EX(B))

7.) Subsequently, Plaintiff (McFadden) was handcuffed, escorted to Shawnees Segregation unit. (see EX.B)

8.) Shortly after, Plaintiff was then escorted to Shawnee's Health care unit, where he was medically assessed, treated for

-7-

minor bruise to hands/shoulder and was prescribe "Combavir" an Anti-Virus HIV/AIDS medication, then Plaintiff was returned to segregation pending investigation for fight with cellmate, Carl Jackson. (see EX(B) med Rpt. EX(B) Rpt of Inv, pg 2)

9.) Subsequently, Defendant Pearl of Shawnees Internal AFFAIRS OFFICE, Lunched an investigation into the Altercation, first interviewing Plaintiff and then Carl Jackson later in day, and week... (see EX 3)

10.) Plaintiff informed Def. Pearl that he (McFadden) was and has been Threaten and controlled by inmate Carl Jackson for 3 weeks or more, since he (McFadden) was placed in the cell with Carl Jackson. Plaintiff as well informed (in detail) Def. Pearl of the sereval occassions Mr. Jackson proved and physically bullied Plaintiff for weeks accuminlating into Mr. Jackson physically and violently attacking him (Plaintiff) on Oct. 15, 2011. Plaintiff adamently told Defendant Pearl "I didnt want to hurt Carl, I only defended myself"... (see EX(E) Pearl INTERROGATORIES)

-8-

11.) Soon after Plaintiff willingly gave testimony and insight into the matter, that later was corroborated and supported in related detail, by surrounding witness and Correctional Officers... Defendant Pearl, exercising his own discrestion, Read Plaintiff MARANDA RIGHTS, Asked Plaintiff would he consent to a polygraph test, which plaintiff obliged but was never given that oppertunity, and then after the entire investigation was done (Investigating witnesses, cell ect) Plaintiff was written a False I.D.R (Inmate Disciplinary Report) For "100-Violent Assualt of Any Person" And thereafter was placed in Confindment awaiting Adjustment Committee Hearing. (SEE EX. A - E)

12.) On October 28, 2011 at appoximently 8:40 AM AS A RESULT OF SAID "INVESTIGATION" WAS TAKEN BEFOR THE SHAWNEE, Adjustment COMMITTEE. Defendant Lieutenant. Matthew Swalls and Officer. Marcus Marvin, For a Disciplinary hearing on the "Unfounded" I.D.R of "100-Violent Assualt of Any Person" Conducted by LT. Swalls and OFF. Marvin. (SEE EX B ADJ. COMM FINAL REPORT)

-9-

13.) AT THE ADJUSTMENT COMMITTEE HEARING, PLAINTIFF WAS READ I.D.R, THEN WAS ASKED BY. DEF. SWALLS AND MARVIN "How do you plea?" "Guilty or Not Guilty?" - AT WHICH POINT THE PLAINTIFF EXPLAINED THAT HE (McFADDEN) ONly PROTECTED AND DEFENDED HIMSELF, AND THEREAFTER PLEAD "NOT Guilty!" (see EX(A) McF. AFF Also SEE TO DOC.31, PAR 6 .OF Complaint)

14.) AT THIS POINT, LT. SWALLS AND OFFICER OF Adjust. Comm. "Threatened" AND "Coerced" this PLAINTIFF INTO PLEADING "Guilty" by TELLING PLAINTIFF THAT "IF YOU DONT PLEA Guilty, WE'RE going TO TRANSFER YOU TO TAMMS!" SUPER MAX PRISON, THAT plaintiff Would receive ONE YEAR OF "GOOD TIME" REVOKED, Along WITH A REDUCTION IN GRADE STATUS FROM "A" to "C", including a Lost of all privileges AND Plaintiff Will remain in Tamms Supermax Segregation "Indefinitely!", In the alternative, this Plaintiff WAS Advised THAT IF HE PLEA "Guilty", that Plaintiff Would receive a NINE (9) MONTH TERM IN SEGREGATION * grade status AND NO LOSS OF GOOD TIME CREDIT OR CRIMINAl charges. (see TO EX(A) MCF.AFF & DOC.31, par.7)

15.) Clearly, this Plaintiff feared the worst (Tamms) when presented WITH A "PLEA DEAL"

-10-

16.) THAT LEFT HIM NO OTHER ALTERNATIVE - OTHER THAN TO END UP IN TAMMS SUPERMAX PRISON FOR WHO KNEW HOW LONG (AN indifinite period of Time) AND LOSS OF A FULL YEAR GOODTIME - GRADE - AND PRIVILEGES, including criminial charges, Under Duress, plaintiff plead Guilty, subsequently after pleading Guilty, plaintiff was criminally charged with Assualt and Battery (class (3) felony with a sentencing ranging upto a maxiom 5yr prison term, Lost 9months goodtime - 9months Segregation - 9 months C-grade and a Disciplinary transfer to Ponitac and then Menard, both MAX Facilites. (SEE EX. A MCF.AFF AND EX.B OF ADJ.COMM FINAL SUMMARY RPT.)

17.) ON Feburary 1ST, 2012, AT A PRELIMINARY HEARING ON THE STATE CRIMINAL Charges, THE Circute Court Judge. James Williamson of Johnson County, ILLinois "DISMISSED" The criminal Charges AFTER AN IDOC SHAWNEE C.C., INTERNAI AFFIARS LIEUTENANT TERRY GRISSOM, TESTIFIED UNDER OATH, PROVIDING OUTSTANDING "EXCULPATORY EVIDENCE" THAT RELATED IN DETAIl, SUPPORTED AND Corroborated Plaintiffs claims of SELF-DEFENSE - WHICH EXONERATED PIAINTIFF FROM THE AlLEGED (AND FALSE) CHARGES OF

- 11 -

"AGGRAVATED ASSAULT AND BATTERY" criminal charges... The same "EXCULPATORY EVIDENCE" (WITNESS STATEMENTS) THAT WAS withheld FROM THIS PLAINTIFF, PRIOR and during PLAINTIFFS ADJUSTMENT HEARING, held ON OCT 28, 2011. (See EX. C, TRANSCRIPTS OF proceedings, Also See TO DOC. 39, of this COURT ORDER, "DISMISSING" DEFENDANTS MOTION TO DISMISS.)

18.) THE AFOREMENTION EXONERATING EVIDENCE OF WITNESSES WRITTEN STATEMENTS, Def. Pearl and Internal Affairs Office obtained (which LT. GRISSOM read and TESTIFIED TO UNDER OATH) WAS NEVER PROVIDED TO PLAINTIFF PRIOR TO, OR AT PLAINTIFF'S DISCIPLINARY HEARING CONDUCTED by Def. LIEUTENANT. SWAIIS AND C/O MARVIN, ON OCT. 28, 2011, SAID EVIDENCE "WAS KNOWN" to the DEFENDANTS PRIOR TO, AND DURING THE ADJUSTMENT COMMITTEE HEARING. (SEE TO EX. A, MCF. AFFIDAVIT / DOC. 31 of Comp, par. 12)

19.) THE WITHHOLDING OF THIS EXONERATING/EXCULPATORY EVIDENCE by DEFENDANTS. SWAIIS, MARVIN, AND PEARL, VIOLATED PLAINTIFF'S DUE PROCESS rights UNDER THE FOURTEETH AMENDMENT OF THE U.S CONSTITUTION, AS IDOC Dept. RULES, SECTION 504.80 (c) provides AND STATES: (ADJ. COMM. HEARING procedures) (c) "THE COMMITTED

-12-

PERSON SHALL BE INFORMED BEFORE OR AT THE HEARING, OF INFORMATION, WHICH WOULD TEND TO SHOW THAT THE COMMITTED PERSON WAS NOT Guilty". ~~IF THE COMMITTED PERSON WAS~~ IF THE INFORMATION IS PROVIDED TO HIM AT THE HEARING, THE COMMITTED PERSON SHALL, UPON REQUEST, BE GIVEN A ~~CONTINUANCE~~ CONTINUENCE." Also SEE D.R 504.80(L)(2) "... IF EXONERATING EVIDENCE IS PRESENTED AND DISREGUARDED, THE COMMITTEE MUST STATE THE BASIS FOR DISREGUARDING THE EVIDENCE." (SEE TO McFADDENS Comp. DOC.31.PAR 13, AND IDOCs D.R 504.80(c)-(L)(2))

20.) THE AFOREMENTIONED ACTS COMMITTED BY DEFENDANTS HEREIN, WERE Willful AND WANTON AND DONE CARELESSly AND RECKLESSly WITH Callous disreguard TO IDOCS DEPT. RULES AND THIS PLAINTIFF'S CONSTITUTIONAl Rights UNDER THE FOURTEETH AMENDMENT (DUE PROCESS) (SEE TO THIS COURTS ORDER DOC.39 DISMISSING Def. MOTION TO DISMISS, AS MOOT & DENIED, CONTRARY to PLAINTIFFs MOTION IN OPPOSITION DOC.35

### III. ARGUEMENT. III

NOTE: PLAINTIFF ADOPTS HIS MOTION IN OPPOSITION DOC. 35, AS ARGUEMENT (ATTATCHED HERETO)