IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ONAFFIA MCFADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:13-cv-481-NJR-DGW |
| RICKEY PEARL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

    Plaintiff, Onaffia McFadden, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging Defendants Rickey Pearl, Matthew Swalls, and Marcus Martin denied him due process in connection with a November 15, 2011 disciplinary hearing. On September 22, 2015, Plaintiff filed a motion for summary judgment asserting he is entitled to judgment as a matter of law (*see* Doc. 100). Defendants sought, and were granted, an extension of time to respond to Plaintiff's motion for summary judgment and to file a dispositive motion of their own (*see* Docs. 105, 109 and 113). Defendants filed the same on November 13, 2015 (*see* Docs. 114 and 115).

    Subsequent to the filing of said documents, Plaintiff filed a motion for court assistance and extension of time (Doc. 121) and a motion captioned "combined motion requesting Court order to receive legal supplies and requesting this Court to allow Plaintiff summary judgment/supplement brief and reply motion to remain as is" (Doc. 127), and Defendants filed a motion to withdraw argument and motion for leave to amend (Docs. 124 and 125, respectively). The Court has reviewed these motions, and any responses thereto, and finds they all relate, at least in part, to the

argument proffered by Defendants that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon). More specifically, in their response to Plaintiff's motion for summary judgment and in their own motion for summary judgment, Defendants assert that the ticket at issue at Plaintiff's November 15, 2011 Disciplinary Hearing was never expunged and, since Plaintiff lost good conduct credit and he seeks invalidation of this revocation, his action must be dismissed. Soon after Defendants proffered this argument, Plaintiff filed his motion for court assistance and motion for extension of time (Doc. 121), asserting that the ticket at issue was in fact expunged, despite Defendants' assertion otherwise, and asking the Court for assistance in securing documents to evidence this fact and seeking an extension of time to respond to Defendants' motion so he may submit said documents.

Soon after Plaintiff filed his motion, Defendants filed a motion to withdraw argument (Doc. 124). In this motion, Defendants explain that they recently learned that Plaintiff did not lose good conduct credit as a result of the relevant incidents and their prior arguments regarding *Heck v. Humphrey* were based on a clerical error. As such, Defendants ask the Court to withdraw their second argument from their response to Plaintiff's motion for summary judgment (Doc. 114), paragraph three of their motion for summary judgment (Doc. 115), and their second argument of their memorandum of law in support of their motion for summary judgment (Doc. 116). Defendants also attached the relevant Good Conduct Recommendation Sheet for Plaintiff (Doc. 124-1). Defendants also filed a motion to amend, asking the Court for leave to amend their response and motion for summary judgment to effect the same changes sought in their motion to withdraw (i.e. removal of any argument related to *Heck v. Humphrey*). In response to

Defendants' motions, Plaintiff filed a motion with a rather unwieldy caption, construed by the Court as: (1) a response to Defendants' motions to withdraw and amend (*see* Doc. 127, pp. 1-5); (2) a motion for the Court to issue an order for legal supplies so Plaintiff may respond to Defendants' amended motion for summary judgment, if they are allowed to file such (*see id.* at p. 5); and (3) a response to Defendants' motion for summary judgment (as it is currently filed) (*see id.* at pp. 7-43).

Upon review of the above-mentioned motions, the Court hereby **GRANTS** Defendants' motion to withdraw. Accordingly, argument two of their response to Plaintiff's motion for summary judgment (Doc. 114), paragraph three of their motion for summary judgment (Doc. 115), and argument two of their memorandum of law in support of their motion for summary judgment (Doc. 116) are **WITHDRAWN**. As Defendants motion to amend merely seeks to omit the arguments that the Court has already granted leave to withdraw and does not insert any additional arguments or include any other changes, the Motion to Amend (Doc. 125) is **DENIED**.

Based on the foregoing, Plaintiff's motion for court assistance and extension of time (Doc. 121) is **MOOT**. The record before the Court indicates that the documents Plaintiff seeks were filed by Defendants on December 15, 2015 (*see* Docs. 124-1 and 124-2) and Plaintiff has filed his response to Defendants' motion for summary judgment (*see* Doc. 127, pp. 7-43). Insofar as Plaintiff has filed a motion for the Court to issue an order for him to obtain legal supplies to respond to Defendant's amended motion for summary judgment (Doc. 127, p. 5), Plaintiff's request is **MOOT** as Defendants have not been granted leave to file an amended motion for summary judgment.

The Court, however, finds it necessary to address Plaintiff's apparent, and understandable, frustration with Defendants in their handling of this matter and, more specifically, their motion for

summary judgment. It is not lost on the Court that Defendants made a serious error and proffered arguments that were not sound. Such error evidences, at best, sloppy management of this matter. Importantly, it appears that evidence necessitating the withdrawal of Defendants' *Heck v. Humphrey* argument should have been available to Defendants throughout the impendency of this matter (*see* Doc. 124-1). Further, it is unclear to the Court when and why this document became available *after* motions for summary judgment were filed. Although the Court finds that Defendants were remiss in including any argument related to *Heck v. Humphrey* in their motion for summary judgment and response to Plaintiff's motion, it does not appear that Defendants' failure was motivated by bad faith or prejudiced Plaintiff. For these reasons, insofar as Plaintiff asks the Court to deny Defendants' motions to withdraw and motion to amend, his request is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 7, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**